UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Charlene Lemoine,<br><br>　　　　　　　　　　　　　Plaintiff<br>vs.<br><br>Empire Blue Cross Blue Shield, et als,<br>　　　　　　　　　　　　　Defendant(s). | Civil Action No.: 2:16-cv-6786 JMV JBC<br><br>Motion Return Date: September 5, 2017 |

Plaintiff Charlene Lemoine's Brief in Opposition to
Defendant's Motion to Dismiss Her Complaint

　　　　　　　　　　　　　　　　Davis, Saperstein & Salomon, P.C.
　　　　　　　　　　　　　　　　375 Cedar Lane
　　　　　　　　　　　　　　　　Teaneck, New Jersey 07666
　　　　　　　　　　　　　　　　201-907-5000
　　　　　　　　　　　　　　　　201-692-0444
　　　　　　　　　　　　　　　　Terrence Smith [8297]
　　　　　　　　　　　　　　　　Terrence.smith@dsslaw.com
　　　　　　　　　　　　　　　　Attorneys for Plaintiff Charlene Lemoine

## Table of Contents

| | Page |
|---|---|
| Table of Authorities | ii-iii |
| Introduction | 1 |
| Statement of Facts | 2 |
| Judicial Standard of Review | 4 |
| Legal Argument | 5 |
| Point 1. Defendant's motion to dismiss is premature since other indispensable parties to the case have not yet responded and preliminary discovery is needed on the threshold issue of policy coverage. | 5 |
| Point 2. Plaintiff's Amended Complaint Describes a plausible claim for recovery against Defendant Empire. | 7 |
| Point 3. Empire's unilateral and self-serving appeal procedures never would have favored Ms. LeMoine. | 8 |
| Conclusion | 9 |

## Table of Authorities

|  | Page |
|---|---|
| **Cases** | |
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | 4 |
| *Baraka v. McGreevey*, 481 F.3d 187 (3d Cir. 2007) | 4 |
| *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) | 4 |
| *Briglia v. Horizon Healthcare Services, Inc.*, 2005 WL 1140687 (D.N.J. 2005) | 5 |
| *Carducci v. Aetna U.S. Healthcare*, 247 F. Supp. 2d 596 (D.N.J. 2003) | 5 |
| *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523 (D.N.J. 2008) | 8, 9 |
| *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244 (3d Cir. 2002) | 8, 9 |
| *In re Burlington Coat Factory Securities Litigation*, 114 F. 3d 1410 (3d. Cir. 1997) | 5 |
| *Menendez v. UFCW Local 888 Health Fund*, 2005 WL 19257879 (U.S. District Ct. August 11, 2005) | 2 |
| *Pension Benefits Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192 (3d Cir. 1993) | 2, 5 |
| *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) | 4, 5 |
| *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002) | 4 |
| *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) | 5 |
| *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712 (D.N.J. 2011) | 5 |
| *Thomas Rogers v. Gerald Smith, et als,* 2017 WL 3037386 (D.N.J. July 18, 2017) | 4 |
| *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480 (D.N.J. Jan. 23, 2015) | 4 |

**Statutes**

| | Page |
|---|---|
| 29 U.S.C. §1132(a)(1) | 8 |

**Rules**

| | |
|---|---|
| Federal Rule of Civil Procedure 8(a)(2) | 5 |
| Federal Rule of Civil Procedure 12(b)(6) | 4, 5 |
| Federal Rule of Civil Procedure 56 | 2, 5 |

Introduction

Plaintiff Charlene LeMoine suffered serious injuries on April 19, 2015 in a motorcycle incident in New Jersey. She underwent emergency life-saving surgery and care at Hackensack University Medical Center rendered by numerous care providers, none of whom Ms. LeMoine chose voluntarily. During her hospitalization, the hospital and doctors billed Defendant Empire Blue Cross Blue Shield [Empire], Defendant Blue Cross Blue Shield of Illinois [BCBS-IL]and possibly Horizon Blue Cross Blue Shield of New Jersey [Horizon], creating a complex mix up of incorrect insurance coverage, incorrect claims and incorrect claim denials.

Ms. LeMoine's Amended Complaint asserts that she did not receive the benefits of the Defendant Cushman & Wakefield , Inc. PPO Incentive Plan [Plan], an ERISA health insurance plan. Defendant Empire was the Plan's health insurance benefits provider and payor. Ms. LeMoine asserts that Empire incorrectly denied covered benefits or applied incorrect "out of network" classifications to certain healthcare providers. Most recently, Defendant Empire now denies any coverage obligation and that past benefits paid should be refunded.

In opposition to Defendant's pending motion to dismiss her claims, Ms. LeMoine argues that the motion is: 1. Premature, 2. Incorrect as to the sufficiency of her pleadings, and 3. Viable in light of the futility of Defendant's self-serving appeal procedures.

As the facts and legal principals are summarized, the Court should deny Defendant's motion without prejudice. Instead, the Court should afford Plaintiff an opportunity for reasonable discovery to identify the evidence that supports her claims.

1

Statement of Facts

Plaintiff Charlene LeMoine suffered catastrophic injuries in a motorcycle crash on April 19, 2015. Plaintiff's Exhibit 1, Ringwood Police Report.[1] She has over $100,000 in unpaid medical bills. Plaintiff's Exhibit 2. Her hospital record documents the scope and severity of her injuries. Plaintiff's Exhibit 3, Hackensack University Medical Center 4/19/2015 admission excerpts.

The health insurance benefits plan offered by Ms. LeMoine's former employer, Cushman & Wakefield, Inc., provided her only source of third party benefits. Defendant's Exhibit A.

During the court of her hospitalization, an unknown person produced an insurance benefits card from a former employer's health benefits plan, Defendant BCBS-IL. Plaintiff's Exhibit 4, LeMoine Certification. Both hospital and doctors submitted bills for services rendered to BCBS-IL until the error was identified. Plaintiff's Exhibit 5, exemplar Explanation of Benefits [EOB] from same provider. At a later point, the identification of Defendant Empire attempted to correct the coverage question. Providers then began to bill Empire for the same services rendered.

Both Empire and BCBS-IL paid some claims, denied others for various reasons and deferred others based on missing information. None were apparently paid in the amount an emergency or "in network" provider would have received.

---

[1] Defendant's choice to expand the motion record to include one of many documents of undisputed authenticity referenced in Plaintiff's Amended Complaint has effectively converted its motion into one for summary Judgment under Rule 56. As such, Plaintiff submits further documentation in support of her argument. *Pension Benefits Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Menendez v. UFCW Local 888 Health Fund*, 2005 WL 19257879 at 2 (U.S. District Ct. August 11, 2005).

2

The most significant rationale for denial was that Ms. LeMoine obtained care from out of network providers. This rationale applied to virtually all of her care during her emergency hospitalization. Plaintiff does not dispute that circumstances prevented her from seeking pre-approval or that she had no realistic chance to choose her healthcare providers.

Ms. LeMoine filed timely appeals from her claim denials either by telephone orally or by letter.[2] She argued that in her emergent circumstances, she had no opportunity to request pre-authorization for care and no option to select those who would save her life in the operating room. Unlike Plaintiff, Defendants recorded all telephone conversations.

Defendants rejected all appeals usually by the terse notation that their original denial was correct. Defendants rejected others as untimely based on its unilateral appeal procedures.

Ms. LeMoine filed two appeals with Empire on December 16 and December 28, 2016 from coverage denials dated July 26, 2016 and September 14, 2016. Plaintiff's Exhibit 6, appeal letters with attachments. Defendant Empire acknowledged receipt of these appeals by letters dated January 23, 2017. Plaintiff's Exhibit 7. No final decision has been made on these as yet.

By letter dated May 20, 2017, Empire has now alleged that it had no coverage obligation to Ms. LeMoine. Plaintiff's Exhibit 8. Empire now contends that benefits were wrongfully paid because they should have been paid by BCBS-IL.

---

[2] Plaintiff did not make recordings of her conversations or keep copies of all letters sent back and forth with Defendants.

3

However, by letter dated May 26, 2016, Empire's subrogation vendor, Meridian Resource Company, LLC, advised Ms. LeMoine that Empire did not intend to seek subrogation of any benefits paid on her behalf. Plaintiff's Exhibit 9.

Ms. LeMoine's Amended Complaint names both BCBS-IL and the Plan as defendants. Both have been sent requests for waiver of service of process. Plaintiff's Exhibit 10. Deadlines for responses from these parties have not expired.

### Judicial Standard of Review

> According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6) the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).
>
>   To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

*Thomas Rogers v. Gerald Smith, et als,* 2017 WL 3037386, At 1 (D.N.J. July 18, 2017).

4

"Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). The pleading requirement simply requires enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Phillips v. County of Allegheny*, supra, 515 F. 3d at 234.

On a motion to dismiss pursuant to FRCP 12(b)(6) the court may consider documents beyond the pleadings. It is within the Court's discretion whether to convert the Rule 12(b)(6) motion into a motion for summary judgment pursuant to Rule 56. *Carducci v. Aetna U.S. Healthcare*, 247 F. Supp. 2d 596, 609 (D.N.J. 2003) quoted in *Briglia v. Horizon Healthcare Services, Inc.*, 2005 WL 1140687 ( D.N.J. 2005). These may include exhibits attached to the complaint, *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F. 2d 1192, 1196 (3d Cir. 1993), documents integral to or explicitly relied upon in the complaint, *In re Burlington Coat Factory Securities Litigation*, 114 F. 3d 1410, 1426 ( 3d. Cir. 1997), and documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712 (D.N.J. 2011).

Legal Argument

**Point 1. Defendant's motion to dismiss is premature since other indispensable parties to the case have not yet responded and preliminary discovery is needed on the threshold issue of policy coverage.**

Defendant Empire has moved for dismissal of Plaintiffs Amended Complaint before all parties have been joined to the action. Defendants BCBS-IL and the Cushman

5

& Wakefield Plan have not yet responded to requests for waiver of service of process. Thus, there interest in and objection to Empire's motion by these parties is unknown.

In addition, Ms. LeMoine is not in a position to oppose fully Empire's contention that she has not exhausted her administrative remedies under the Plan because there is evidence in Empire's possession that she does not have.

First, Empire has just recently asserted a threshold coverage question by its demand for a full refund from Ms. LeMoine. Empire's May 20, 2017 letter alleges that whatever it paid should have been paid through Ms. LeMoine's primary coverage through BCBS of IL.

In effect, Empire is claiming it had never had a contractual obligation to pay any benefits on Ms. LeMoine's behalf. Empire cannot have it both ways. Either Ms. LeMoine was entitled to coverage, or she was not. If she was a covered Plan beneficiary, administrative provisions may apply if not otherwise futile. On the contrary, if Ms. LeMoine was not entitled to coverage, any actions by either party were void ab initio, including Empire's insistence on its administrative appeal process.

Second, Ms. LeMoine made appeals from Empire's claim denials by telephone as well as by letter. She has never heard nor seen transcripts of the conversations that Empire recorded in the normal course of its claim processing. Since Empire's benefits contract notes the option to make appeals by phone, Defendant's Exhibit A at page 45 [Docket Document 26-2 at page 86 of 112]. Ms. LeMoine may well have met all requisite appeal procedures.

6

Third, Ms. LeMoine did not keep copies of all appeal letters she mailed. Nor did she send all documents by certified mail in order to perfect her paper record. Empire does, however, have copies of all correspondence with Ms. LeMoine.

Fourth, Ms. LeMoine's doctors filed independent appeals from Empire's claim denials. She did not receive copies of these appeals and is not aware of what decisions, if any, were made.

This uncertain factual context makes it too early to decide Defendant's motion on the merits. If, as an example, Empire persists in its allegation that there never was valid coverage, Plaintiff will necessarily be obliged to file a separate lawsuit for a declaratory judgment on the threshold issue of coverage. These circumstances should persuade the Court to deny Empire's motion without prejudice. The other defendants should be permitted to join the case as alleged and discovery start on threshold issues as to what coverage applied and when.

**Point 2.     Plaintiff's Amended Complaint describes a plausible claim for recovery against Defendant Empire.**

Ms. LeMoine's Amended Complaint is a plausible and sufficient pleading. It meets its obligation to allege facts rather than conclusions. The Amended Complaint invokes a reasonable expectation that discovery will reveal further evidence to sustain her cause of action. Ms. LeMoine has asserted a claim for wrongfully withheld benefits under an ERISA health insurance plan to which she was a proper beneficiary. While the denial of benefits was certainly due in part to the confusion over two separate Blue Cross policies, the benefits were denied nonetheless through no fault of Ms. LeMoine's.

7

**Point 3. Empire's unilateral and self-serving appeal procedures never would have favored Ms. LeMoine.**

Case law has determined that exhaustion of administrative remedies is a prerequisite to a civil suit for ERISA benefits, see, e.g. *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 248 (3d Cir. 2002), although neither the statute, 29 U.S.C.A. §1132(a)(1), nor Ms. LeMoine's insurance policy say that. Empire's Plan descriptions of its appeal procedures speak only of permissive rather than mandatory actions. Empire's "optional" appeal language stands in glaring contrast to the mandatory appeal language described in *DeVito v. Aetna, Inc.,* 536 F. Supp. 2d 523 (D.N.J. 2008).

In the *DeVito* case, several plaintiffs sought eating disorder benefits under Aetna's health insurance plan governed by ERISA. Aetna denied benefits to plaintiff's children by classifying their eating disorders as mental rather than physical illnesses. Id. At 524-525.

Aetna's internal appeal language made it plain what administrative steps had to be taken. Id. At 532. "The Member must complete two levels of Our review before pursuing an appeal...or bringing a lawsuit against us." "The foregoing [two levels of appeal] are mandatory and must be exercised prior to [further action on the claim]". Id.

Empire's ERISA plan language on the other hand, simply indicates that a member "may" submit information by phone or document to challenge a claim denial. Defendant's Exhibit A at page 45 [Docket Document 26-2 at page 86 of 112]. . Nothing in the procedure is mandatory or imperative. Nothing describes consequences of failing to comply.

Like the appeal process in *DeVito*, Empire's entire appeal process is drafted and controlled by Empire. Like Aenta's plan, Empire's administrative process is

8

designed to implement a corporate policy that harshly punishes patients by classifying health care providers as "out of network" whenever possible. Empire enjoys substantial economic benefits by classifying a provider as "out of network" thereby shifting virtually all of the cost of care to the patient.

In *DeVito*, the District Court concluded that the plaintiffs had sufficiently pled that their resort to Aetna's appeal process would have been futile for select individuals among the plaintiff group. Id. At 532. In addition, the court held that another plaintiff was entitled to discovery on his allegations that it would have been futile to appeal Aenta's determination that eating disorders are mental rather than physical disorders. Id.

The factors in *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002) evaluated by the court in *DeVito* lead to the same result here. These are: diligent pursuit of relief, reasonable action in seeking immediate judicial review, existence of a fixed policy denying benefits, Empire's failure to comply with its own policies, and testimony of plan administrators as to the futility of action. This last factor is inapplicable here, and as described, all factors may not weigh equally.

## Conclusion

The Court should deny Defendant's motion to dismiss as premature. Parties have not been joined and discovery is needed on threshold issues.

Plaintiff's Amended Complaint meets Federal pleading requirements as filed, and is viable under ERISA because of the futility of the administrative appeal process.

> Respectfully submitted,
> Davis, Saperstein & Salomon, P.C.
> Attorneys for Plaintiff Charlene LeMoine
>
> By */s/ Terrence Smith*
> Terrence Smith

Dated: August 10, 2017

9