TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY10022
Telephone: (212) 704-6000
Facsimile:  (212) 704-6288
*Attorneys for Defendant Empire HealthChoice Assurance, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------X

| | |
|---|---|
| CHARLENE A. LEMOINE, | CIVIL ACTION NO.: 2:16-cv-06786-JMV-JBC |
| | Hon. John Michael Vazquez |
| Plaintiff, | |
| -against- | |
| EMPIRE BLUE CROSS BLUE SHIELD, CUSHMAN & WAKEFIELD, INC. PPO INCENTIVE PLAN, BLUE CROSS BLUE SHIELD OF ILLINOIS, and ABC CORP. 1-10, | |
| Defendants. | |

-------------------------------------------------------------------X

**DEFENDANT EMPIRE HEALTHCHOICE ASSURANCE, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

    A.    Empire's Motion To Dismiss Is Not Premature ....................................................... 1

    B.    Plaintiff Has Failed To State A Claim Under § 502(a)(1)(B) Of ERISA .............. 2

    C.    Plaintiff Does Not, And Cannot, Plead Futility As An Excuse For Failing To Exhaust Administrative Remedies ................................................................... 3

    D.    Plaintiff Should Not Be Granted Leave To Amend ............................................... 5

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*D'Amico v. CBS Corp.*,
 297 F.3d 287 (3d Cir. 2002) ..................................................................................................3

*DeVito v. Aetna, Inc.*,
 536 F. Supp. 2d 523 (D.N.J. 2008) ........................................................................................4

*Harrow v. Prudential Ins. Co. of Am.*,
 279 F.3d 244 (3d cir. 2002) ...................................................................................................4

*Kesselman v. Rawlings Co.*,
 668 F. Supp. 2d 604 (S.D.N.Y. 2009) ....................................................................................4

*McDonough v. Horizon Blue Cross Blue Shield*,
 No. 09-571, 2009 U.S. Dist. LEXIS 93642 (D.N.J. Oct. 7, 2009) .........................................2

*Montvale Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*,
 No. 12-3682 (SRC), 2013 U.S. Dist. LEXIS 15327 (D.N.J. Feb. 5, 2013) ............................1

*Piscopo v. PSEG*,
 No. 13-552 (ES), 2015 U.S. Dist. LEXIS 82982 (D.N.J. June 25, 2015) *aff'd*, 650 F.
 App'x 106 (3d Cir. 2016) ...................................................................................................2, 3

*Prof'l Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*,
 No. 16-cv-4838, 2016 U.S. Dist. LEXIS 161774 (S.D.N.Y. Nov. 22, 2016) .........................2

*Stanley v. IBEW*,
 207 F. App'x 185 (3d Cir. 2006) ...........................................................................................3

*Stapperfenne v. Nova Healthcare Adm'rs, Inc.*,
 No. 05-4883 (RBK), 2006 U.S. Dist. LEXIS 20711 (D.N.J. Apr. 17, 2006) .........................2

*Util. Workers Union of Am., Local 601 v. PSE&G*,
 No. 07-2378 (WJM), 2009 U.S. Dist. LEXIS 9657 (D.N.J. Feb. 10, 2009) ..........................3

**STATUTES**

FRCP 12(b)(6) ...........................................................................................................................1, 5

This reply memorandum of law is respectfully submitted on behalf of Defendant Empire HealthChoice Assurance, Inc. ("Empire"), by its counsel, in further support of its motion for an order dismissing Plaintiff Charlene A. Lemoine's ("Plaintiff") First Amended Complaint ("FAC"), in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiff fails to substantively address any of the points raised in Empire's Memorandum in Chief [Dkt. 26]. Instead, Plaintiff focuses on incorrect and irrelevant issues, which are insufficient to save the FAC.

## ARGUMENT

### A. Empire's Motion To Dismiss Is Not Premature

Empire timely filed a motion to dismiss the FAC based on Plaintiff's failure to state a claim for which relief may be granted. *See* FRCP 12(b)(6). Each of Empire's arguments are based upon the FAC's deficiencies and are raised at the appropriate juncture under the Federal Rules of Civil Procedure. *See Montvale Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 12-3682 (SRC), 2013 U.S. Dist. LEXIS 15327, at *15 (D.N.J. Feb. 5, 2013) (dismissing the plaintiff's benefits claim for failure to exhaust administrative remedies because plaintiff failed to comply with the plan's two-level review and submit a second appeal to the plan administrator). Empire's motion to dismiss is not premature simply because other parties have not yet responded to the FAC. (Opp'n at 5-7). Similarly, Empire's motion to dismiss is not premature because Plaintiff has not conducted the proper diligence to figure out the appropriate entity to sue. (*Id.*). The fact that Plaintiff has not figured out who the appropriate defendant is (after two attempts at pleading a complaint and with the benefit of a copy of pertinent materials) cannot be a reason to keep Empire in this litigation, especially where Plaintiff has failed to allege

any viable claim against it. Empire's motion is not based on any "threshold coverage question"; it is based solely on the insufficiency of the FAC as it is pleaded. (Opp'n at 5-7). Lastly, Empire's motion is not premature because Plaintiff "may well have met all requisite appeal procedures." (Opp'n at 6). Third Circuit law is clear; Plaintiff must allege that she has actually exhausted all administrative appeals before filing an ERISA lawsuit. *See Stapperfenne v. Nova Healthcare Adm'rs, Inc.*, No. 05-4883 (RBK), 2006 U.S. Dist. LEXIS 20711, at *6 (D.N.J. Apr. 17, 2006) ("[i]n ERISA cases regarding claims for benefits, courts have found that a failure to exhaust administrative remedies may constitute grounds for dismissal...") (collecting cases). Plaintiff's opposition brief only confirms that she will not be able to make this allegation. Plaintiff cannot shift her burden of alleging all elements of a cause of action by pointing to the fishing expedition she intends to conduct in discovery. (Opp'n at 6-7).

Accordingly, Empire should be dismissed from this case immediately, with prejudice, because it is clear that Plaintiff cannot state a claim against Empire despite two separate efforts and the benefit of the Court's guidance [Dkt. 22].

B.      **Plaintiff Has Failed To State A Claim Under § 502(a)(1)(B) Of ERISA**

For the reasons stated at length in Empire's Memorandum in Chief, Plaintiff's FAC fails to state a viable cause of action against Empire. *See McDonough v. Horizon Blue Cross Blue Shield*, No. 09-571, 2009 U.S. Dist. LEXIS 93642 (D.N.J. Oct. 7, 2009); *Prof'l Orthopaedic Assocs., PA v. 1199 Nat'l Benefit Fund*, No. 16-cv-4838, 2016 U.S. Dist. LEXIS 161774 (S.D.N.Y. Nov. 22, 2016); *Piscopo v. PSEG*, No. 13-552 (ES), 2015 U.S. Dist. LEXIS 82982 (D.N.J. June 25, 2015) *aff'd*, 650 F. App'x 106 (3d Cir. 2016). In *Piscopo*, the court dismissed with prejudice a complaint where the plaintiff presented "threadbare allegations" in support of his claim under § 502 (a)(1)(B) of ERISA. *Piscopo*, 2015 U.S. Dist. LEXIS 82982, at *12–16.

In doing so, the court noted that the plaintiff did "not point[] to any provision of a [] benefit plan suggesting he is entitled to pension or retirement contributions nor has he alleged any facts about the plan." *Id*. at *13.  As a result, the court dismissed the "[p]laintiff's section 502(a) ERISA claim for failure to plead sufficient facts to state a claim for relief." *Id*. at *14.  Here, Plaintiff offers no substantive argument defending the sufficiency of her claims in light of Empire's arguments.  Rather, she makes the conclusory and unsupported statement that her allegations are "plausible and sufficient" because she has "asserted a claim for wrongfully withheld benefits" and the benefits were denied through no fault of her own.  (Opp'n at 7).  These vague statements do not refute the inadequacies that Empire raised in its opening brief.   Accordingly, the Court should dismiss the FAC.

      **C.**     **Plaintiff Does Not, And Cannot, Plead Futility As An Excuse For Failing To Exhaust Administrative Remedies**

Plaintiff confusingly raises the point that the Plan does not use language mandating that an individual file an appeal, while simultaneously conceding that exhaustion of administrative remedies is the standard in the Third Circuit even though "neither the statute, 29 U.S.C.A. § 1132(a)(1), nor [Plaintiff]'s insurance policy says that." (*See* Opp'n at 8.)  The Plan language that Plaintiff cites is simply irrelevant to settled Third Circuit law, which requires a plaintiff to exhaust all remedies available under an ERISA-governed health benefits plan before bringing a civil action for benefits.  *See Stanley v. IBEW*, 207 F. App'x 185, 189 (3d Cir. 2006); *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002).  No matter how Plaintiff attempts to argue around it, under Third Circuit law, the exhaustion requirement is not option; instead, it is "strictly enforced." *Util. Workers Union of Am., Local 601 v. PSE&G*, No. 07-2378 (WJM), 2009 U.S. Dist. LEXIS 9657, at *10 (D.N.J. Feb. 10, 2009).

3

Next, although Plaintiff acknowledges the factors used by courts in the Third Circuit to evaluate futility of an administrative appeals process, Plaintiff has not identified how any of the factors apply to the circumstances in her case. (Opp'n at 8-9). The fact that the appeals process in the Plan is drafted and controlled by Empire is not a legal basis for claiming futility. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d cir. 2002) ("Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile"). Plaintiff's comparison of this case to *DeVito*, where the insurer determined that an eating disorder was a mental rather than a psychological disorder has no applicability to the facts of this case. *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 532 (D.N.J. 2008). Furthermore, Plaintiff does not even address the fact that she currently has two appeals pending, which is an unequivocal acknowledgement that she does not believe that pursuing administrative remedies would be futile. *See Kesselman v. Rawlings Co.*, 668 F. Supp. 2d 604, 609 (S.D.N.Y. 2009) (dismissing the plaintiff's claims for failure to exhaust and explaining that "courts look to whether plaintiffs have utilized and exhausted administrative remedies ***under the plan*** at issue, rather than pursuant to plaintiff's understanding of what may constitute the best method of addressing her claims") (emphasis added). Accordingly, because Plaintiff does not allege exhaustion of administrative remedies or facts supporting her claim that such exhaustion is futile, the FAC should be dismissed.

**D.      Plaintiff Should Not Be Granted Leave To Amend**

Plaintiff's FAC should be dismissed, without leave to amend, since the flaws in her claim against Empire are incurable.  There is no reason to believe that another amended complaint would be more meritorious in light of the inherent deficiencies of Plaintiff's FAC.

## CONCLUSION

For the foregoing reasons, Empire respectfully requests that the Court dismiss the FAC in its entirety as against Empire, without leave to amend, pursuant to Rule 12(b)(6) of the FRCP.

Dated:  August 29, 2017
New York, New York

>                                    Respectfully submitted,
>
>                                    **TROUTMAN SANDERS LLP**
>
>                                    By: /s/ *Amanda Lyn Genovese*
>                                         Amanda Lyn Genovese
>                                    875 Third Avenue
>                                    New York, New York 10022
>                                    Tel:  (212) 704-6000
>                                    Fax: (212) 704-6288
>                                    amanda.genovese@troutmansanders.com
>
>                                    *Attorneys for Defendant Empire HealthChoice Assurance, Inc.*

## CERTIFICATE OF SERVICE

    I, Amanda Lyn Genovese, caused the foregoing Reply to be filed by the Court's ECF system. Service will be effectuated on all counsel of record by the Court's ECF system.

Dated: August 29, 2017
New York, New York

                Respectfully submitted,

                **TROUTMAN SANDERS LLP**

                By: */s/ Amanda Lyn Genovese*
                    Amanda Lyn Genovese

                *Attorneys for Defendant Empire HealthChoice Assurance, Inc.*