**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARLENE LEMOINE,<br>*Plaintiff*,<br>v.<br>EMPIRE BLUE CROSS BLUE SHIELD, et al.<br>*Defendants*. | Civil Action No. 16-6786 (JMV)<br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns an insurance coverage dispute between Plaintiff Charlene LeMoine, on the one hand, and Defendant Empire Blue Cross Blue Shield ("Empire") and Defendant Blue Cross Blue Shield of Illinois ("Blue Cross Illinois") (collectively, the "Defendants"), on the other. Currently pending before the Court are motions to dismiss Plaintiff's Amended Complaint filed by Empire and Blue Cross Illinois (D.E. 26, 31). The Court reviewed the submissions in support and in opposition,[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Empire and Blue Cross Illinois'

[1] Plaintiff's Amended Complaint will be referred to hereinafter as "Am. Compl." (D.E. 23); Defendant Empire's brief in support of its motion to dismiss will be referred to hereinafter as "Empire Br." (D.E. 26); Plaintiff's brief in opposition to Defendant Empire's motion to dismiss will be referred to hereinafter as "Pl. Empire Opp." (D.E. 29); Defendant Empire's reply brief will be referred to hereinafter as "Empire Reply." (D.E. 30). Defendant Blue Cross Illinois' brief in support of its motion for summary judgment will be referred to hereinafter as "Blue Cross Illinois Br." (D.E. 31); Plaintiff's brief in opposition to Defendant Blue Cross Illinois' motion to dismiss will be referred to hereinafter as "Pl. Blue Cross Illinois Opp." (D.E. 35); Defendant Blue Cross Illinois' reply brief will be referred to hereinafter as "Blue Cross Illinois Reply." (D.E. 36).

motions to dismiss are **GRANTED**. Empire's motion for leave to file supplemental authority (D.E. 37) is dismissed as moot.

## I. FACTUAL BACKGROUND[2]

The allegations in this case center on Plaintiff's health insurance coverage following a motorcycle accident. Plaintiff alleges that due to her medical circumstances, she was provided medical care that was not "in-network" and that Defendants breached the terms of their respective benefits plans by failing to reimburse Plaintiff's healthcare providers for her care.

The Parties

Plaintiff[3] resides in Ridgewood, New Jersey. Am. Compl. ¶ 1. Empire is a health insurance provider with its principal place of business in Middletown, New York. *Id.* ¶ 2. Defendant Cushman & Wakefield, Inc. PPO Incentive Plan[4] is a health insurance plan offered by Cushman & Wakefield, Inc. ("Cushman") to its employees and is administered through Cushman &

---

[2] The factual background is taken from Plaintiff's Amended Complaint, D.E. 23, as well as exhibits attached to Defendants' motions to dismiss. D.E. 26, 31. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, Plaintiff's claims are based on the benefit plans referenced in the Amended Complaint. Therefore, the Court will consider the Empire Plan documents included in Defendant Empire's motion to dismiss, D.E. 26, Ex. A. The Court need not convert Defendants' Rule 12(b)(6) motions to dismiss into motions for summary judgment, even when considering outside documents. *Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033, 2005 WL 1140687, at *3 (D.N.J. May 13, 2005).

[3] Plaintiff is identified as "Charlotte LeMoine" once in the Amended Complaint. Am. Compl. at ¶ 1. All other references are to "Charlene LeMoine." *See, e.g.*, Am. Compl.; Pl. Opp.

[4] The Court notes that Plaintiff's Amended Complaint includes "Defendant Cushman & Wakefield, Inc. PPO Incentive Plan" as a defendant – and does not plead Cushman & Wakefield, Inc. as a defendant. *See* Am. Compl. ¶¶ 3-4.

Wakefield, Inc. offices in New York, New York. *Id.* ¶ 3. The Wakefield Plan is administered pursuant to the Employee Retirement Security Act of 1974, 29 U.S.C. § 502(a) *et seq.* ("ERISA"). *Id.* ¶ 4. Blue Cross Illinois is a health insurance provider with its principal place of business in Springfield, Illinois. *Id.* ¶ 5. Defendant(s) ABC Corp. 1-10 are fictitiously named by Plaintiff as possible defendant(s) as third party administrators or other entities engaged in the review and benefits determinations of Plaintiff's medical bills. *Id.* ¶ 6.

Plaintiff's Insurance Coverage

On January 3, 2014, Plaintiff began working for Sitex Realty Group, LLC ("Sitex"), *Id.* ¶ 10, where she received health insurance coverage from Blue Cross Illinois through an employee group health plan (the "Blue Cross Illinois Plan"), *id.* ¶ 11. Her employment with Sitex ended on February 15, 2014. *Id.* ¶ 12. On March 1, 2014, Plaintiff began receiving healthcare insurance coverage from Blue Cross Illinois. *Id.* ¶ 13. On March 21, 2014, Plaintiff began working for Cushman, *id.* ¶ 14, where she received health insurance coverage from Empire through an employee group health plan (the "Empire Plan"), *id.* ¶ 15. On April 1, 2015, Plaintiff began her health insurance coverage through Empire. *Id.* ¶ 16.

Plaintiff's Accident and Medical Care

On April 19, 2015, Plaintiff was a passenger on a motorcycle that was struck by a car. *Id.* ¶ 18. Plaintiff suffered life-threatening injuries and was taken by helicopter to Hackensack University Medical Center. *Id.* ¶¶ 17, 19. Plaintiff endured a number of surgeries during her almost month-long stay in the hospital. *Id.* ¶ 20. Plaintiff also participated in inpatient and outpatient care at Kessler Rehabilitation Center. *Id.* ¶ 27.

When Plaintiff arrived at the hospital, the hospital was given Plaintiff's Blue Cross Illinois insurance identification card. *Id.* ¶ 23. At some point, either Plaintiff or one of Plaintiff's family

members also provided Plaintiff's Empire plan information to the hospital. *Id.* ¶ 26. This caused confusion, and during her care and subsequent rehabilitation, Plaintiff's "healthcare providers submitted bills to either or both of her insurance plans[.]" *Id.* ¶ 28. Both insurers paid some bills, but rejected and refused to pay other bills because Plaintiff had not sought pre-approval of "out of network" provider care. *Id.* ¶¶ 30-32. Plaintiff claims that she could not seek pre-approval because of her "injuries and dire medical circumstances." *Id.* ¶¶ 38-40. Overall, Plaintiff claims that "Defendants chose to reject all charges submitted by [Plaintiff's] healthcare providers but for the arbitrary reimbursement of partial payments unilaterally set by Defendants without any reference to methodology or rationale." *Id.* ¶ 55.

Plaintiff admits that "[u]nder the terms of the Defendants' health insurance plans, an adverse payment decision required Ms. LeMoine to appeal from reductions or refusals within 180 days of the date of the adverse notice." *Id.* ¶ 42. Plaintiff continues that she "attempted in good faith to use the administrative appeals process dictated by Defendants' plan documents, but she was unsuccessful." *Id.* ¶ 43. Plaintiff claims that in July 2015, she had numerous conversations with the Defendants and billing representatives for her healthcare providers and "received form appeal letters from providers that she signed and returned with the understanding that the providers would submit these directly to Defendants on her behalf, and, as a consequence, [Plaintiff] is not personally aware whether the appeals were actually sent." *Id.* ¶ 44. Plaintiff contends that she appealed as early as August 2015 by telephone and letter from denials of some claims but that she never received any reply. *Id.* ¶¶ 47-49. Plaintiff claims that some of the appeal forms sent to her by "doctors' billing representatives appear to reflect an erroneous conclusion that she was insured by Horizon Blue Cross Blue Shield, a completely different insurance plan, whose relationship with [Blue Cross Illinois] and Empire is unknown." *Id.* ¶ 45. Plaintiff also contends that "certain of

these appeal documents inadvertently confused [Plaintiff's] insurance plan identification numbers for both the [Blue Cross Illinois] plan and the Empire plan." *Id.* ¶ 46.

On December 19 and 28, 2016, Plaintiff appealed earlier rejections of submitted bills. *Id.* ¶ 59. Plaintiff alleges that Empire acknowledged receipt of these appeals in early January 2017 "but has not yet served a formal written response." *Id.* ¶ 60. Plaintiff states that "[t]he paper exchange between the insurers and [Plaintiff] continues to this date." *Id.* ¶ 61. Plaintiff also states that "[a]s of the date of this Complaint, one multi-provider appeal of claim denials remains outstanding." *Id.* ¶ 58. According to Plaintiff, on May 20, 2017,[5] Empire "demanded reimbursement of $32,120.16 [that] it claims it paid incorrectly when [Blue Cross Illinois] should have been primary payor." *Id.* ¶ 62.

In sum, Plaintiff states that "[i]t is by the failure of both [Blue Cross Illinois] and Empire to reimburse [Plaintiff's] providers at 'in network' rates with pre-approval notwithstanding that they breached the valid employee-sponsored insurance plans extended to [Plaintiff] by her former employers." *Id.* ¶ 65. Plaintiff continues that "[t]o the extent that Defendants have chosen not to make any payments to [Plaintiff's] numerous healthcare providers based on a lack of pre-approval, 'out of network' status or other arbitrary and capricious rationales, these actions breached their health insurance contracts with her and gave rise to civil action pursuant to 29 U.S.C.A. § 1132(a)(1)(B)." *Id.* ¶ 66.

[5] Plaintiff states that Empire requested these funds on "May 20, 1917." Am. Compl. ¶ 62. However it is clear that Plaintiff meant 2017.

The Empire Plan[6]

The Empire Plan provides for an internal appeals process. In part, the Empire Plan provides as follows:

> A. Grievances. Our Grievance procedure *applies to any issue* not relating to a Medical Necessity or experimental or investigational determination by Us. *For example, it applies to contractual benefit denials* or issues or concerns You have regarding Our administrative policies or access to providers.
>
> B. Filing a Grievance. You can contact Us by phone at the number on Your ID card, in person, or in writing to file a Grievance. You may submit an oral Grievance in connection with a denial of a Referral or a covered benefit determination. We may require that You sign a written acknowledgement of Your oral Grievance, prepared by Us. You or Your designee *has up to 180 calendar days from when You received the decision* You are asking Us to review to file the Grievance. When We receive Your Grievance, We will mail an acknowledgment letter within 15 business days. The acknowledgment letter will include the name, address, and telephone number of the person handling Your Grievance, and indicate what additional information, if any, must be provided. . . . We have a process for both standard and expedited Grievances, depending on the nature of Your inquiry. . . .
>
> D. Grievance Appeals. If You are not satisfied with the resolution of Your Grievance, You or Your designee *may file an Appeal* by phone at the number on Your ID card, in person, or in writing. *You have up to 60 business days from receipt of the Grievance determination to file an Appeal.* When We receive Your Appeal, We will mail an acknowledgment letter within 15 business days. The acknowledgement letter will include the name, address, and telephone number of the person handling Your Appeal and indicate what additional information, if any, must be provided. . . .

Def. Empire Br., Ex. A ("Empire Plan") at 45 (emphases added).

[6] Neither Plaintiff nor Blue Cross Illinois provided the Court with the Blue Cross Illinois Plan documents.

## II. PROCEDURAL HISTORY

On August 19, 2016, Plaintiff filed a Complaint in the New Jersey Superior Court, Bergen County. D.E. 1, Ex. A. On October 7, 2016, Defendant Empire removed the matter to this Court, arguing that Plaintiff's claims were preempted by ERISA. D.E. 1. On May 30, 2017, the Court dismissed Plaintiff's Complaint without prejudice, with leave to file an amended complaint to allow Plaintiff to re-plead her claims pursuant to ERISA. D.E. 22.

On July 11, 2017, Plaintiff filed an Amended Complaint. D.E. 23. Defendant Empire filed a motion to dismiss the Amended Complaint on July 25, 2017. D.E. 26. Plaintiff filed opposition on August 14, 2017, D.E. 29, to which Defendant Empire replied, D.E. 30. On August 11, 2017, Defendant Blue Cross Illinois filed a motion to dismiss the Amended Complaint – fully adopting the arguments made by Defendant Empire. D.E. 31. Plaintiff filed opposition on October 13, 2017, D.E. 35, to which Defendant Blue Cross Illinois replied, D.E. 36.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements

of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## IV. ANALYSIS

Defendants argue[7] that Plaintiff (1) failed to exhaust her administrative remedies as required under ERISA, and (2) failed to state a claim under § 502(a)(1)(B) of ERISA.

### a. Exhaustion of Administrative Remedies

ERISA provides that a beneficiary may bring a civil action in federal court to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan. . . ." 29 U.S.C. § 1132(a)(1)(B). However, the Third Circuit has long held that "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (citation omitted). The exhaustion requirement is "a judicial innovation fashioned with an eye toward 'sound policy.'" *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 279 (3d Cir. 2007).

The Court finds that Plaintiff has not fully exhausted her administrative remedies with regard to Empire because the Amended Complaint's unequivocally states that Plaintiff has two

---

[7] Blue Cross Illinois simply adopted the motion, memorandum of law, and supporting exhibits filed by Empire. Blue Cross Illinois did, however, submit a reply memorandum that responded to Plaintiff's opposition that addressed Plaintiff's ERISA argument. *See* Blue Cross Illinois Reply.

pending appeals, filed on December 19 and 28, 2016, with Empire. Such exhaustion is required under ERISA. Plaintiff contends that appeals are not mandatory under the Empire Plan's language, and therefore exhaustion is not required. Pl. Empire Opp. at 8. However, it is clear that a Plaintiff must exhaust all *available* administrative remedies under ERISA, regardless of whether they are optional under the plan document language. *See, e.g.*, *Harrow*, 279 F.3d at 249 (noting that a federal court will not hear an ERISA claim until the plaintiff exhausts "the remedies *available under the plan*." (emphasis added)); *Metro. Life Ins. Co.*, 501 F.3d at 280 ("[O]ur cases hold that persons claiming plan benefits m*ust generally exhaust their administrative remedies* before seeking judicial relief." (emphasis added) (internal quotation omitted)). Additionally, in her Amended Complaint, Plaintiff admits that "[u]nder the terms of the Defendants' health insurance plans, an adverse payment decision required [Plaintiff] to appeal from reductions or refusals within 180 days of the date of the adverse notice." Id. ¶ 42. Accordingly, the Court finds that Plaintiff is required to exhaust the administrative remedies available to her and has not plausibly pled that she has exhausted such remedies; the Amended Complaint admits the opposite.

Alternatively, Plaintiff argues that any failure to exhaust available administrative remedies should be excused because further participation in the Empire appeals process would be futile. Pl. Empire Opp. at 8-9. "A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so." *Harrow*, 279 F.3d at 249 (citation omitted). The *Harrow* court identified five factors to determine whether to excuse exhaustion based on futility:

> (1) whether plaintiff diligently pursued administrative relief;
> (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances;
> (3) existence of a fixed policy denying benefits;
> (4) failure of the insurance company to comply with its own internal administrative procedures; and
> (5) testimony of plan administrators that any administrative appeal was futile.

*Id.* at 250.

Plaintiff has not plausibly pled futility. Plaintiff cites to *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523 (D.N.J. 2008) to support her futility argument. In *DeVito*, Judge Hochberg denied a motion to dismiss, finding that it would be futile to exhaust administrative remedies However, the facts alleged in *DeVito* were much more detailed and substantively different than the alleged facts in this case. The *DeVito* court found further administrative appeals would be futile because the beneficiaries' medical claims were based on eating disorders and the insurance provider had a policy of denying such claims. *Id.* at 531-533. By, comparison the Amended Complaint does not allege that Empire or Blue Cross Illinois has a blanket policy denying her type of claims. Instead, Plaintiff simply cites *DeVito* and then lists the *Harrow* factors without any further analysis. It is clear that Plaintiff has not sufficiently alleged the "clear and positive showing of futility" required by *Harrow*. 279 F.3d at 249. For these reasons, as to Empire, the Court finds that Plaintiff has not sufficiently alleged exhaustion her administrative remedies or that continuing the appeals process would be futile. Therefore, Defendant Empire's motion to dismiss (D.E. 26) is granted.

Blue Cross Illinois also moves to dismiss on exhaustion ground, but merely adopts Empire's arguments. However, without the Blue Cross Illinois Plan documents, the Court has no indication that Blue Cross Illinois has administrative remedies which Plaintiff failed to plausibly address in the Amended Complaint. Accordingly, Defendant Blue Cross Illinois' motion to dismiss (D.E. 31) on this basis is denied. Nevertheless, because the Court is providing Plaintiff with an opportunity to amend her Amended Complaint, she should address the administrative exhaustion issue (if it is in fact an issue) as to Blue Cross Illinois in her Second Amended Complaint to avoid additional motion practice on the issue.

**b. Failure to State a Claim**

Plaintiff states that she brings her action against Defendants "pursuant to §502(a)(1)(B) of the Employment Retirement Income Security Act ["ERISA]." Am. Compl. at 1. Plaintiff essentially claims that both Defendants failed to pay for her healthcare services because the Defendants claim they were "out of network." Am. Compl. at ¶¶ 31, 54-55.

ERISA governs the rights and obligations of beneficiaries of and participants in employee benefit plans. ERISA section 502(a)(1)(B) allows a beneficiary or participant to bring a civil action to recover benefits due to her under a plan. Section 502(a)(1)(B) provides:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a) (1)(B). "Section 502(a)(1)(B) deals exclusively with contractual rights under the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 521 n.2 (1996).

The Court finds that Plaintiff's Amended Complaint fails to plausibly state a claim for denial of benefits under Section 502(a)(1)(B). Plaintiff fails to plausibly plead which portions of either the Empire Plan or the Blue Cross Illinois Plan have been violated. Plaintiff also fails to specify which of the two plans actually entitled her to services (and to what type of services) at the time of her treatment. Plaintiff further fails to identify which medical services and costs are at issue and when these services were rendered. In fact, it is not clear that Plaintiff is even alleging that a specific plan is responsible for the costs of her treatment (other than saying that Defendants are jointly and severally liable). In sum, Plaintiff is responsible for plausibly alleging why, under either or both of the plans, Defendants are liable. *See, e.g.*, *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 09-571, 2009 WL 3242136, at *2-4 (D.N.J. Oct. 7, 2009) (dismissing claim under Section 502(a)(1)(B) when plaintiff provided only "sheer conclusions

without a plausible factual predicate"). To be sure, Plaintiff adequately sets forth the date of her injuries and the general dates of hospitalization and rehabilitation. Yet, as to which actual portions of the plans were violated, when they were violated, or how they were violated, Plaintiff fails to provide plausible factual allegations.

As far as Plaintiff's claims against Blue Cross Illinois, Plaintiff also contends her claims should not be dismissed because there is no allegation in the Amended Complaint that the Blue Cross Illinois Plan is an ERISA plan. The Court sees no support for this argument. In fact, the Amended Complaint explicitly states in its first sentence that "[t]his is an action to demand benefits from Plaintiff's health insurance plan and providers *pursuant to §502(a)(1)(B) of [ERISA]*." Am. Compl. at 1 (emphasis added). Plaintiff's Amended Complaint also states that the insurance coverage from Blue Cross Illinois was provided pursuant to "an employee group health plan" from her former employer, Sitex. *Id.* at ¶ 11. Notwithstanding exceptions that do not appear to apply in this case, ERISA governs "any employee benefit plan maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce. . . ." 29 U.S.C. § 1003(a)(1). The Amended Complaint can only be reasonably construed as asserting a claim pursuant to ERISA.

Accordingly, the Court finds that Plaintiff fails to plausibly plead a claim under Section 502(a)(1)(B).

## V. CONCLUSION

For the reasons stated above, the motions to dismiss filed by Defendants Empire (D.E. 26) and Blue Cross Illinois' (D.E. 31) are **GRANTED**. Plaintiff's claims are dismissed without prejudice to allow Plaintiff an opportunity to file a Second Amended Complaint. Plaintiff has thirty (30) days to file a Second Amended Complaint, if she so chooses, consistent with this Opinion. If Plaintiff fails to file a Second Amended Complaint, this matter will be dismissed with prejudice. Defendant Empire's motion for leave to file supplemental authority (D.E. 37) is dismissed as moot. An appropriate Order accompanies this opinion.

Dated: April 12, 2018

John Michael Vazquez, U.S.D.J.